UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Diane Cortes,

                 Plaintiff,              Civil Action No.:_____

      v.

Sunrise Credit Services, Inc.              **COMPLAINT AND DEMAND**
                                                                  **FOR TRIAL BY JURY**

                Defendant.
-------------------------------------------------------X

      Plaintiff Diane Cortes ("Plaintiff" or "Cortes"), by and through her attorneys, FREDRICK SCHULMAN & ASSOCIATES, as and for her Complaint against the Defendant Sunrise Credit Services, Inc. ("Defendant" or "SUNRISE"), respectfully sets forth, complains and alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 *et. seq.* of Title 15 of the United States Code ("U.S.C."), commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"). Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202.

2. The activities giving rise to the violations alleged herein include, among other things, the collection of a debt using misleading practices.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer". Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

## PARTIES

5. Plaintiff is a natural person residing in the State of New Jersey, County of Ocean, residing at 1 Lancaster Rd, Brick, NJ 08723.

6. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a domestic, collection firm with a principal place of business at 260 Airport Plaza, Farmingdale, NY 11735, County of Nassau and is authorized to do business in the State of New York.

8. SUNRISE is a "debt collector" as the phrase is defined and used in the FDCPA. Indeed, on its own website, Sunrise advertises itself as follows: "Sunrise Credit Services, Inc. has been incorporated in the State of New York since 1974. We offer a wide range of credit & collection services to credit grantors from coast to coast."

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et. seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367 (a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendant is subject to personal jurisdiction in the State of New York and maintains its principal place of business in Nassau County.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Plaintiff allegedly incurred a financial obligation to Star Career Academy (the "Star Obligation").

13. Beginning on or about August 16, 2012 and upon information and belief, Defendant began collection activities on the alleged consumer debt from the Plaintiff.

14. The Star Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

15. The alleged Star Obligation is a "debt" as defined by 15 U.S.C. 1692a(5).

16. Plaintiff believes that sometime prior to August 2012, the original creditor of the Star Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to Sunrise for collection.

17. On or about August 16, 2012, and again or about September 18, 2012, Defendant sent letters to the Plaintiff attempting to collect an alleged debt in the amount of $2,554.19. Those letters misrepresented the name of the original creditor as "Star Technical School" (copies of these letters are annexed hereto as "Exhibit A" and "Exhibit B").

18. On or about October 19, 2012 the Defendant sent a letter to the Plaintiff attempting to collect an alleged debt in the amount of $2,554.19, for the alleged original creditor Star Career Academy ("Exhibit C").

19. In said letter, the Defendant threatened to sue the Plaintiff, stating "O.K., you have made it clear. You refuse to pay the money you rightfully owe Star Career Academy. Now we would like to make something clear to you. One way or another, you may have to pay this debt."

20. The letter went on to state that a lawsuit might be filed against her and she might be required to appear in a Court of law.

21. The above-referenced letters contained different names of the alleged original creditor and were sent to the Plaintiff without any prior communications from the alleged original creditor advising her of a default and/or the amount sought.

22. These communications have caused the Plaintiff to be upset, confused and vulnerable because she was (a) not aware of any alleged default; (b) did not receive any accounting of the amounts owed, if any; and (c) believed this letters to be premature pursuant to the terms of the agreement between Plaintiff and Star Career Academy.

23. As of this date, Plaintiff has not been sued for the alleged Star Obligation.

24. Said failure on the part of Defendant constitutes a violation of the FDCPA, 15 U.S.C. §1692d, which prohibits using any conduct the natural consequence of which is to harass, oppress or abuse".

25. Said failure on the part of Defendant constitutes a violation of the FDCPA, 15 U.S.C. §1692e, which prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt".

26. Said failure on the part of Defendant is also a violation of the FDCPA, 15 U.S.C. §1692e(2), which prohibits misrepresenting the "character, amount or legal status of an alleged debt".

27. Said failure on the part of the Defendant is also a violation of the FDCPA, 15 U.S.C. §1692e(5) which prohibits "threatening to take any action that is not intended to be taken or that cannot legally be taken".

28. Said failure on the part of the Defendant is also a violation of the FDCPA, 15 U.S.C. §1692e(10) which prohibits "using any false representation and deceptive means in attempt to collect a debt".

29. Said failure on the part of the Defendant is also a violation of the FDCPA, 15 U.S.C. §1692f which prohibits using any "unfair and unconscionable means in attempt to collect a debt".

30. Said failure on the part of the Defendant is also a violation of the FDCPA, 15 U.S.C. §1692g(a)(2) which mandates that a debt collector "state the name of the creditor to whom the debt is owed".

31. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692d, 15 USC §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692g(a)(2).

34. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

35. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Diane Cortes demands judgment against the Defendant Sunrise Credit Services, Inc, as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(a)(2):

C. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
February 13, 2013

Respectfully submitted,

By: s/Fredrick Schulman, Esq.
Fredrick Schulman, Esq. (FS 2664)
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053